UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-24054-CIV-MCALILEY

TED VERNON,

    Plaintiff,

vs.

ROBIN ZIEL and DOUG WHITE,

    Defendants.
_____/

## ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

The Court has before it Plaintiff Ted Vernon's Motion for Summary Judgment, (ECF No. 62), and Defendants Robin Ziel and Doug White's Motion for Summary Judgment. (ECF No. 65). The Motions are fully briefed. (ECF Nos. 61, 64, 66, 67, 70). The Court has carefully reviewed the parties' legal memoranda, the record, and the applicable law and for the reasons that follow, it grants summary judgment for Plaintiff on Defendants' Counterclaim and declines to enter summary judgment for either party on the Complaint.

**I.**    **FACTUAL BACKGROUND**

The following undisputed facts are relevant to the motions for summary judgment.

On March 28, 2012, Plaintiff Vernon and Defendant Ziel entered into an IP Agreement (the "2012 IP Agreement") that they co-owned the trademark "South Beach Classics" (the "Mark"). (ECF No. 61 at 1; *see also* Agreement at ECF No. 61-1). Sometime after that, Vernon and Ziel's relationship, both business and personal, broke down. (ECF

No. 58 at ¶ 10).

In 2015 Vernon filed an application with the United States Patent and Trademark Office ("USPTO") to register the Mark, and in that application Vernon claimed he was the exclusive owner of the Mark and that the first use of the mark was "[a]t least as early as" March 30, 2011. (ECF No. 61-4 at 1). Ziel, through her attorney, filed an opposition to Vernon's application with the Trademark Trial and Appeal Board (the "TTAB"). (ECF No. 61-6). Ziel stated that she was a 50% owner of the Mark, pursuant to the 2012 IP Agreement which she attached to her Opposition, and she maintained that Vernon had filed the application for registration fraudulently and without her consent. (ECF No. 61-6 at 2 ¶¶ 5, 17). Ziel asked that Vernon be denied registration. (ECF No. 61-6 at 2). Vernon filed an answer to Ziel's opposition. (ECF No. 61-8).

Shortly before Vernon filed his answer, Ziel's attorney moved to withdraw as counsel. (ECF No. 61 at 2 ¶ 6). The TTAB entered an order that permitted Ziel's counsel's to withdraw, suspended the proceeding for 30 days and required Ziel to notify the TTAB, within that time, of her new counsel or her intention to represent herself. (ECF No. 61-10). Following expiration of that period, the TTAB entered a second order, which noted that Ziel had not complied with its prior order and gave Ziel an additional thirty days "to show cause why default judgment should not be entered against Opposer based on Opposer's apparent loss of interest in this proceeding." (ECF No. 61-11 at 2).

On January 10, 2018, having received no response from Ziel, the TTAB dismissed Ziel's opposition, stating "[i]nasmuch as no response to the Board's order has been filed, judgment is hereby entered against Opposer. The opposition is accordingly dismissed with

prejudice." (ECF No. 61-12). In 2018, the USPTO issued registration of the Mark to Vernon. (ECF No. 1 at ¶ 6).

This record does not make clear whether Vernon or Ziel first used the Mark, or whether they first used the Mark together. It is clear that Vernon has used the Mark in commerce in connection with a business selling classic cars, as well as on a television show and the internet. (ECF No. 61 at ¶ 10). Ziel has also used the Mark in commerce on the internet and in connection with a car dealership and has given permission to Douglas White to use the Mark. (ECF No. 62-3 at 2-3; 64 at 3 ¶ 17, and at 4 ¶ 9). Ziel claims that the 2012 IP Agreement remains in effect and that she and Vernon are therefore 50% owners of the Mark and thus Vernon's claims must fail. Vernon claims Ziel abandoned her half ownership and her use of the Mark, such that he owns the Mark. These claims are in dispute.

In addition to this lawsuit, Vernon and Ziel have sued one another in state court, in the Eleventh Judicial Circuit Court in Miami-Dade County. (ECF No. 61 at ¶ 16; *South Beach Classics, Inc., et al v. Ted Vernon Specialty Automobiles Inc., et al*, No. 2016-018485-CA-01 (Miami-Dade Cty. filed July 25, 2016)).[1] Those claims have been consolidated within Case No. 16-018485-CA-01. *South Beach Classics*, No. 2016-018485-

---

[1] Courts may take judicial notice of public records because such documents are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999) (quoting Fed. R. Evid. 201(b)(2)). A pleading filed in another court meets this criterion. *Universal Express, Inc. v. U.S. SEC*, 177 F. App'x 52, 53 (11th Cir. 2006) (judicial notice of public records, such as court filings, is proper).

CA-01.

In this case, Vernon claims he owns the Mark and that Defendants' use of it in a competing business amounts to trademark infringement and unfair competition under the Lanham Act, and common law trademark infringement and injury to business reputation, (ECF No. 1 at ¶ 9).[2] Among her affirmative defenses, is Ziel's claim that she made prior use of the Mark. (ECF No. 18). In their one-count Counterclaim, Defendants ask the Court to cancel or rectify Vernon's registered trademark for two reasons: 1) Ziel is a 50% owner pursuant to the 2012 IP Agreement, and 2) Ziel made prior use of the Mark. (ECF No. 58). Both parties ask the Court to resolve the entire dispute by entry of summary judgment in their favor as to all claims in the Complaint and Counterclaim.

## II.     LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To survive summary judgment, the nonmoving party must provide more than a "mere scintilla of evidence." *Fedolfi v. Banyan Air Services, Inc.*, 258 Fed. Appx. 274, 276 (11th Cir. 2007) (citations omitted). It must make "enough of a showing that the jury could reasonably find for that party." *Gillard v. Dep't. of Corrections*, 500 Fed. Appx. 860, 863 (11th Cir. 2012) (citation omitted). In evaluating a motion for summary judgment, the Court must view the evidence and all reasonable factual inferences therefrom in the light most

---

[2] As a shorthand, in this Order I collectively refer to these claims as Vernon's infringement claims.

4

favorable to the nonmoving party. *See Sada v. City of Altamonte Springs*, 434 Fed. Appx. 845, 847 (11th Cir. 2011). "If no reasonable jury could return a verdict in favor of the nonmoving party, there is no genuine issue of material fact and summary judgment will be granted." *Id.* at 847 (citation omitted).

With these requirements in mind, I evaluate the motions for summary judgment.

### III. ANALYSIS

#### A. Defendants Have Not Established that Plaintiff Engaged in Impermissible Claim-Splitting

Defendants assert that they are entitled to judgment on Plaintiff's claims because Plaintiff has impermissibly split causes of action. "Federal courts [] recognize a prohibition against splitting of claims relating to the same transaction or occurrence. That doctrine "reflects that a district court, as part of its general power to administer its docket, has the authority to stay or dismiss a suit that is duplicative of another case then pending in federal court." *Robbins v. Gen. Motors De Mexico, S. DE R.L. DE CV*., 816 F. Supp. 2d 1261, 1263–64 (M.D. Fla. 2011) (quotation omitted); *see also Pollitz v. Halifax Health*, No. 6:15-CV-450-ORL-37, 2015 WL 4987732, at *2 n. 4 (M.D. Fla. Aug. 19, 2015). The federal rule against claim-splitting does not apply here because the previously filed lawsuit is a state court action.

Florida also recognizes a rule against splitting causes of action. *Id.* The rule "flows from the doctrine of res judicata" and "makes it incumbent upon plaintiffs to raise all available claims involving the same circumstances in one action." *Dep't of Agric. & Consumer Servs. v. Mid–Florida Growers, Inc.,* 570 So.2d 892, 901 (Fla. 1990) (citations

omitted). Federal courts apply Florida claim-splitting rules when the concurrent action is pending in state court. *Collier HMA Physician Mgmt., LLC v. NCH Healthcare Sys., Inc.*, No. 2:18-CV-408, 2019 WL 277733, at *4 (M.D. Fla. Jan. 22, 2019); *see also Pollitz,* 2015 WL 4987732, at *2 (stating that "[t]he federal rule against claim-splitting is not applicable [where] the previously filed action is pending in state, not federal, court," and applying Florida's claim-splitting rule) (internal quotations and citations omitted)); *Bowman v. Coddington*, 517 F. App'x 683, 685 (11th Cir. 2013) (applying Florida claim-splitting rule where concurrent action remained pending in Florida state court).

The Florida Rule "does not permit the owner of a single or entire cause of action or an entire indivisible demand to divide or split that cause of action so as to make it the subject of several actions, without the consent of the defendant. . . . All damages sustained or accruing to one as a result of a single wrongful act must be claimed or recovered in one action or not at all. . . . If the first suit is effective and available, and affords ample remedy to the plaintiff, the second suit is unnecessary and consequently vexatious." *Mims v. Reid*, 98 So. 2d 498, 500–01 (Fla. 1957).

Defendants have not carried their burden to demonstrate that dismissal due to claim-splitting is appropriate. They have not put forth undisputed evidence that particular claims arise out of the same "wrongful act" or involve the same party defendants. *See, e.g. Bowman v. Coddington*, 517 F. App'x 683, 685 (11th Cir. 2013) (applying Florida's claim-splitting rule).

The Court notes that Vernon's counterclaims in the state court action, which Defendants contend "attempt to enforce the Mark" and thus bar Vernon's claims here,

6

involve entities not party to this lawsuit.³ (ECF No. 65 at 8). Defendants have made no effort to show that those extra parties are in privity with Vernon or Ziel. Courts must understand who the parties are when they apply the claim-splitting doctrine. *Robbins*, 816 F. Supp. 2d at 1264 ("In defining this doctrine, the Florida Supreme Court made clear that it focuses on the splitting of damages and claims brought against one defendant. . . ."). Defendants have not given the Court this information.

In sum, this record does not support entry of summary judgment for Defendants on Vernon's Complaint, based on the claim-splitting doctrine.

      B.     <u>Preclusive Effect of the Prior TTAB Proceeding</u>

The parties do not dispute that in 2018 the USPTO registered the Mark in Vernon's name. (ECF No. 61 at 8). The Lanham Act provides that marks registered on the Principal Register "shall be prima facie evidence" of the validity of the registered mark, of its registration, of the registrant's ownership, and of the registrant's exclusive right to use the mark on the goods or services specified in the registration. 15 U.S.C.A. § 1115(a). While the registration is prima facie evidence of validity, the same section of the statute specifies that this evidentiary effect "shall not preclude an opposing party from proving any legal or

---

³ Defendants have identified the following currently pending state court claims which they argue require dismissal of Vernon's infringement claims on the basis of claim-splitting: trademark dilution and injury to business reputation on behalf of Vernon and TVSA against Ziel (Count IV); common law unfair competition on behalf of Vernon and TVSA against Ziel (Count V); common law trademark infringement on behalf of Vernon against "Defendants," which is defined to include Ziel, both individually and doing business as the Venus Trust and South Beach Classics, Inc. (Count XV); and unfair competition on behalf of Vernon against Defendants (Count XVI). (ECF No. 64-4 at pp. 33-36, 43-46). The Court notes that Vernon dismissed one of the state court claims which Defendants identify as the basis for their claim-splitting argument, well prior to the filing of Defendants' Motion. (ECF No. 61-15).

equitable defense or defect … which might have been asserted if such mark had not been registered." 15 U.S.C.A. § 1115(a). Accordingly, "[w]hile registration creates a rebuttable presumption of the validity of the registration and the holder's right to its exclusive use ... that does not affect the ultimate burden of proof to be carried by the plaintiff in an ... action." *Freedom Sav. & Loan Ass'n v. Way*, 757 F.2d 1176, 1182 n.4 (11th Cir. 1985). And the presumption only applies against uses "as of the date that [the mark] was registered." *Unique Sports Prods., Inc. v. Babolat VS*, 403 F. Supp. 2d 1229, 1236-37 (N.D. Ga. 2005) (holding that the February 13, 2001 registration of a trademark did not operate against uses of that mark that began prior to the mark's registration).

Defendants may rebut the presumption with "any legal or equitable defense that might have been asserted if the marks were not registered." 15 U.S.C. § 1115(a); *see also The Vision Ctr. v. Opticks, Inc.,* 596 F.2d 111, 119 (5th Cir. 1979).[4] This is because registration does not confer ownership in the Mark; ownership arises from use. *Bauer Lamp Co. v. Shaffer,* 941 F.2d 1165, 1171 (11th Cir. 1991).[5] Defendants can rebut the presumption of validity by showing Ziel was the first to use the Mark. *See Tally–Ho, Inc. v. Coast Community College District,* 889 F.2d 1018 at 1022, 1025–26 (11th Cir. 1990); *Coach House Rest.,* 934 F.2d at 1558. In fact, to succeed on any of his claims, Vernon must

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[5] Trademark registration confers only procedural advantages and does not enlarge the registrant's ownership rights. *Turner v. HMH Pub. Co.,* 380 F.2d 224, 228 (5th Cir. 1967).

show that he was the first to use the Mark. *Leigh v. Warner Bros., Inc.,* 212 F.3d 1210, 1216–17 (11th Cir. 2000) (trademark infringement claim under Lanham Act).[6]

Ziel claims she developed and was the first to use the Mark. (ECF No. 64, Counterstatement at ¶¶ 7, 8). In response, Vernon does not argue or attempt to show that he was the first to use the Mark. Rather, he submits that his successful registration of the Mark, over Ziel's opposition, is res judicata to the issue of his ownership of the Mark and that this resolves all issues raised in his Complaint and in the Counterclaim, such that summary judgment must be entered on all claims in his favor. (ECF No. 62 at 1-2, 4-6).

The term "res judicata" can refer specifically to claim preclusion or generally to the preclusive effect of earlier litigation. *Brown v. R.J. Reynolds Tobacco Co.*, 611 F.3d 1324, 1331 (11th Cir. 2010). When the term is used more generally, it encompasses both claim preclusion and issue preclusion. *Id*. at 1332. The parties were not clear in their use of the term. Here, the application of claim preclusion requires that the proceedings before the USPTO preclude Defendants' Counterclaim, but not Vernon's Complaint.

---

[6] "The elements of common law and statutory trademark infringement are the same." *See Tally–Ho, Inc.,* 889 F.2d at 1025–26. Likewise, the legal standard for unfair competition is the same as that for trademark infringement under both the Lanham Act and common law. *See Knights Armament Co. v. Optical Sys. Tech., Inc.,* 568 F. Supp. 2d 1369, 1376 (M.D. Fla. 2008). Prior use of the mark at issue is also an element of common law injury to business reputation. *Menudo Int'l, LLC v. In Miami Prod., LLC*, No. 17-21559-CIV, 2018 WL 1138300, at *5 (S.D. Fla. Mar. 2, 2018). Thus, prior use of the mark is a required element of all counts of Plaintiff's Complaint.

      1.      Claim Preclusion

Res judicata bars relitigation of all matters decided in a prior proceeding if: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) both cases involved the same parties or their privies; and (4) both cases involve the same causes of action. *See Israel Discount Bank Ltd. v. Entin,* 951 F.2d 311, 314 (11th Cir. 1992); *In re Justice Oaks II, Ltd.,* 898 F.2d 1544, 1550 (11th Cir. 1990). If the party who invokes the doctrine establishes all four elements, the court then determines whether the claim in the new suit was or could have been raised in the prior action; if the answer is yes, res judicata applies. *See Justice Oaks,* 898 F.2d at 1552. If even one of these elements is missing, res judicata is inapplicable.

Here, I find that the TTAB decision is fully res judicata vis-à-vis the Counterclaim but has no preclusive effect on the claims in the Complaint.

      a.  Court of competent jurisdiction

Defendants argue that a ruling of the TTAB cannot have preclusive effect here. The Supreme Court made clear otherwise:

> Both this Court's cases and the Restatement make clear that issue preclusion is not limited to those situations in which the same issue is before two *courts*. Rather, where a single issue is before a court and an administrative agency, preclusion also often applies. . . . This reflects the Court's longstanding view that "'[w]hen an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply res judicata to enforce repose.'"

*B&B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 148 (2015) (internal citations omitted). For res judicata purposes, the TTAB's decision was one of a court of competent jurisdiction.

> b. Final judgment on the merits

The TTAB's Order dismissing the opposition "with prejudice" satisfies the requirement of a final judgment on the merits. *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1501–02 (11th Cir. 1990) ("As to the first said element, dismissal of a complaint with prejudice satisfies the requirement that there be a final judgment on the merits. The phrases "with prejudice" and "on the merits" are synonymous terms, both of which invoke the doctrine of claim preclusion.").[7] Rule 41 recognizes as much: "Unless the [involuntary] dismissal order states otherwise, a dismissal ... except one for lack of jurisdiction, improper venue, or failure to join a party ... operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

The Eleventh Circuit's review of a similar circumstance in *In re Erkelens*, 742 F. App'x 477 (11th Cir. 2018), also supports that conclusion. In *Erkelens*, an individual filed

---

[7] *See also Chutter, Inc. v. Great Concepts, LLC*, 119 U.S.P.Q.2d 1865 *4 (Trademark Tr. & App. Bd. 2016) (dismissal of prior cancellation action based on moving party's "loss of interest" in proceeding "[u]nquestionably…was a final judgment that may give rise to claim preclusion."); *Sai Ram Imports Inc. v. Meenakshi Overseas LLC*, No. CV 17-11872 (JLL), 2018 WL 2045996, at *1, 3 (D.N.J. May 1, 2018) (finding res judicata applied to TTAB's dismissal with prejudice of claim of opposer to registration, which lost interest in the proceedings and stopped litigating its opposition); *Maksimuk v. Connor Sport Court Int'l, LLC*, 771 F. App'x 1001, 1004 (Fed. Cir. 2019) (finding default entered in district court as a result of corporate defendant's refusal to retain counsel after being advised of requirement that corporation be represented by counsel was entitled to preclusive effect).

an adversary complaint with a bankruptcy court, seeking repayment of a debt. Thereafter, counsel for the complainant withdrew, after which the complainant failed to appear or obtain new counsel. The bankruptcy court entered judgment against complainant based on her "failure to appear and prosecute" the action. A later bankruptcy court determined that the judgment of the first court, which it termed a "default judgment", had preclusive effect. In its review, the Eleventh Circuit agreed that the dismissal of the first action had preclusive effect. It noted, however, that the dismissal was not a default judgment, as that typically is entered against a defendant rather than a party that initiates an adversarial action. The Circuit Court clarified that the dismissal of the bankruptcy action was properly characterized as a dismissal for failure to prosecute. *Id.* at 481. And a "dismissal[] for failure to prosecute may serve as judgment[] with preclusive effect." *Id*. Here, too, Ziel brought an adversary action against Vernon's registration, and her dismissal for "loss of interest in the proceeding" is entitled to preclusive effect. (ECF No. 61-12).

    c.  <u>Same parties and their privies</u>

Third, both cases involve the same parties and their privies. "[N]onparty preclusion may be justified based on a variety of pre-existing 'substantive legal relationship[s]' between the person to be bound and a party to the judgment." *Taylor v. Sturgell,* 553 U.S. 880, 894 (2008) (citations omitted). Qualifying relationships include, but are not limited to, preceding and succeeding owners of property, bailee and bailor, and assignee and assignor. *Id.* (citations omitted). Defendant Doug White was not a party to the TTAB proceeding but comes to this action as an alleged licensee of Ziel, and his involvement in this proceeding thus does not bar to the application of res judicata. *In re Erkelens*, 742 F.

12

App'x at 481 (finding the "identical parties" element satisfied by virtue of nonparty preclusion where the only new party in the subsequent proceeding had been assigned the right to sue by a party in the earlier proceeding).

    d. <u>Same cause of action</u>

Fourth, Defendants' cause of action in the Counterclaim is no different than Ziel's opposition to registration. "In determining whether the causes of action are the same, a court must compare the substance of the actions, not their form. It is now said, in general, that if a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, that the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata." *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1297 (11th Cir. 2001) (quotation omitted).

In the TTAB Proceeding, Ziel opposed Vernon's registration, relying on the 2012 IP Agreement to argue that she was a 50% owner of the Mark, and therefore Vernon could not register the Mark. Ziel was unsuccessful. Now, in their Counterclaim, Defendants make the very same argument to urge that Vernon's registration be cancelled. The very same nucleus of operative fact—the effect of the 2012 IP Agreement on registration—is the basis for both actions.

By contrast, Vernon's Complaint requires this Court to determine if Defendants are infringing the Mark. This is entirely different than what the USPTO had to decide, *i.e.,* registration. They are not the same cause of action. For this reason, the decision of the TTAB does not operate as res judicata determinative of the claims in Vernon's Complaint.

    e. <u>Prior use claim could have been raised</u>

13

As noted, Defendants make a second argument in their Counterclaim, for cancellation of registration: that Ziel made prior use of the Mark. (ECF No. 58, ¶ 24). Ziel did not include this argument in her Opposition to registration (ECF No. 61-6), but she certainly could have done so. *In re Piper Aircraft Corp.,* 244 F.3d at 1296 ("Under res judicata, also known as claim preclusion, a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action."). By failing to raise that argument against registration in the TTAB proceeding, Ziel has forfeited the opportunity to make it here and res judicata bars her from getting a second bite at that apple.

As all four elements are satisfied, claim preclusion prevents Defendants' relitigation of Vernon's registration of the Mark. Accordingly, Vernon is entitled to summary judgment on Defendants' Counterclaim for cancellation of the registration. It does not, however, bar litigation of the claims in the Complaint.[8]

    C.    <u>Material Issues of Fact are in Dispute Regarding Vernon's Claims</u>

Registration is final, but the question of infringement is not. "While registration creates a rebuttable presumption of the validity of the registration and the holder's right to

---

[8] Notably, the doctrine of issue preclusion (collateral estoppel) also does not bar litigation of Vernon's complaint. The elements of issue preclusion are that "(1) the issue at stake must be identical to the one involved in the prior litigation; (2) the issue must have been actually litigated in the prior suit; (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that action; and (4) the party against whom the earlier decision is asserted must have had a full and fair opportunity to litigate the issue in the earlier proceeding." *I.A. Durbin, Inc. v. Jefferson Nat'l Bank,* 793 F.2d 1541, 1549 (11th Cir. 1986) (citations omitted). As already noted, the issues raised by Vernon's infringement claims are not at all identical to the question of registration that was before the TTAB, nor where they litigated before that body.

its exclusive use ... that does not affect the ultimate burden of proof to be carried by the plaintiff in an infringement action." *Freedom Sav. & Loan Ass'n v. Way*, 757 F.2d 1176, 1182 n.4 (11th Cir. 1985) (citation omitted). That presumption applies only "as of the date that [the mark] was registered." *Unique Sports Prods., Inc.,* 403 F. Supp. 2d at 1236-37.

Defendants claim that Ziel made first use of the Mark, and this is in dispute. Ziel can rebut the presumption of Vernon's right to exclusive use of the Mark with proof that she was the first to use the Mark.[9] In the end, as noted earlier, to prevail on his claims Vernon must show that his use of the Mark predated Ziel's. *Leigh v. Warner Bros., Inc.,* 212 F.3d 1210, 1216–17 (11th Cir. 2000).

In sum, there are issues of material fact in dispute regarding Vernon's infringement claims which prevents entry of summary judgment on this Complaint.

## IV. CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's Motion for entry of summary judgment (ECF No. 62), as to his Complaint, but **GRANTS** that Motion as to the Counterclaim. The Court also **DENIES** and Defendants' Motion for entry of summary judgment. (ECF No. 65).

---

[9] Ziel has asserted other defenses that may allow her to rebut the presumption in other ways. I focus on prior use here, as that is what she focuses on in her briefing.

**DONE AND ORDERED** in chambers at Miami, Florida, this 15th day of June 2020.

_____
CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of Record